IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 6:16-CR-00017-JDK |
| vs. | § § | |
| | § | |
| HALEY STILL (1) | § § § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On August 8, 2023, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision.  The Government was represented by Assistant United States Attorney Alan Jackson.  Defendant was represented by Jason Cassel.

*Background*

After pleading guilty to the offense of Possession with Intent to Distribute 50 Grams or More of Methamphetamine (lesser included offense), a Class B felony, Defendant Haley Still was sentenced on April 11, 2017 by United States District Judge Ron Clark.  The offense carried a statutory maximum imprisonment term of 40 years.  The guideline imprisonment range, based on a total offense level of 27 and a criminal history category of VI, was imprisonment for 130 to 162 months.  Defendant was sentenced to 72 months of imprisonment, followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and drug abuse treatment and testing.

The case was reassigned to United States District Judge Jeremy D. Kernodle on April 16,

2020.  Defendant completed her term of imprisonment and started her term of supervised release

on March 17, 2021.

### *Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on October 27, 2021,

United States Probation Officer Andrea Van Ness alleges that Defendant violated the following

conditions of supervised release:

1. **Allegation 1 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance.  The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.**  It is alleged that Defendant tested positive for the use of methamphetamines on April 6, 2021; May 13, 2021, and May 21, 2021, and that lab results confirmed the positive test.

2. **Allegation 2 (standard condition 2):  After initially reporting to the probation office, the defendant will receive instructions from the court or probation officer about how and when she must report to the probation officer and she must report to the probation officer as instructed.**  It is alleged that Defendant failed to report as instructed to the U.S. Probation Office on September 20, 2021.

3. **Allegation 3 (special condition):  The defendant must participate in a program of testing and treatment for drug abuse, and follow the rules and regulations of that program until discharged.  The probation officer, in consultation with the treatment provider, will supervise the defendant's participation in the program and the defendant must pay any cost associated with treatment and testing.**  It is alleged that Defendant has failed to participate in the random drug testing program since August 2021 and was unsuccessfully discharged from substance abuse treatment on September 23, 2021.

4. **Allegation 4 (standard condition 7): The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses her from doing so.  If the defendant does not have full-time employment, she must try and find full-time employment, unless the probation officer excuses her from doing so.  If the defendant plans to change where she works or anything about her work (such as her position or job responsibilities), she must notify the probation officer at least 10 days before the change.  If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, she must notify the probation officer within 72 hours of becoming aware of a change or expected change.**  It is alleged that the probation officer was notified by Defendant's employer on August 25, 2021 that Defendant's last paycheck

was issued on May 4, 2021.  Defendant allegedly failed to notify the probation officer of her change in employment.

5. **Allegation 5 (standard condition 8): The defendant must not communicate or interact with someone she knows is engaged in criminal activity.  If she knows someone has been convicted of a felony, she must not knowingly communicate or interact with that person without first getting the permission of the probation officer.**  It is alleged that Defendant failed to get permission from the U.S. Probation officer to associate with convicted felons Trevor Warnix, Darby Wright, and Angela Murrell.

6. **Allegation 6 (standard condition 13): The defendant must follow the instructions of the probation officer related to the conditions of supervision.**  It is alleged that Defendant failed to contact the U.S. Probation officer as instructed since August 24, 2021.

### *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release.  Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation.  U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class B felony.  Accordingly, the maximum imprisonment sentence that may be imposed is 3 years of imprisonment.  18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by possessing methamphetamine as alleged in the petition, she is guilty of a Grade B violation.

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

U.S.S.G. § 7B1.1(a).  Defendant's original criminal history category was VI.  The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 21 to 27 months. If the Court finds by a preponderance of the evidence that Defendant violated her conditions of supervised release by failing to report, failing to participate in random drug testing, being unsuccessfully discharged from substance abuse treatment, failing to notify the probation officer of a change in employment, associating with convicted felons without permission and failing to contact the probation officer as instructed as alleged in the petition, she is guilty of a Grade C violation.  U.S.S.G. § 7B1.1(a).  With Defendant's original criminal history category of VI, the guidelines provide that Defendant's guideline imprisonment range for a Grade C violation is 8 to 14 months.

### *Hearing*

On August 8, 2023, Defendant appeared for a final revocation hearing.  Assistant United States Attorney Alan Jackson announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of imprisonment for 20 months for this revocation with no further supervised release. After the Court explained to Defendant her right to a revocation hearing, she waived her right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition.  Defendant requested a recommendation to the Bureau of Prisons to confine her at FMC Carswell.

### *Findings and Conclusions*

I find that Defendant is competent and that her plea and waiver of the revocation hearing was knowingly and voluntarily made.  I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true.  Defendant is guilty of a Grade B supervised release violation.  I further find and conclude that Defendant's term of supervised release should be revoked and that she should be sentenced to imprisonment for 20 months with no further

supervised release.  The agreed upon sentence, which is one month below the applicable guideline range, represents an appropriate disposition of this matter taking into consideration all relevant circumstances.  Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**.  It is further recommended that Defendant be sentenced to imprisonment for 20 months with no further supervised release.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.  It is finally recommended that the Court request the Bureau of Prisons to designate Defendant to FMC Carswell.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of her right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for her to be sentenced to imprisonment for 20 months with no further supervised release.

So ORDERED and SIGNED this 8th day of August, 2023.


_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

5